**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 97-4922

THOMAS EUGENE SWANN, SR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-97-128)

Submitted: May 29, 1998

Decided: June 30, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald D. Hecht, LESLIE L. GLADSTONE, P.A., Baltimore, Mary-
land, for Appellant. Lynne A. Battaglia, United States Attorney, Har-
vey Ellis Eisenberg, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Swann appeals his convictions for aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d), (f) (1994), and the carrying of a firearm while committing a crime of violence in violation of 18 U.S.C. §§ 2, 924(c) (1994). Finding no merit to his claims, we affirm.

Swann first asserts that the government failed to present sufficient evidence that the bank he was accused of robbing was a federally insured institution at the time of the robbery, as required for a conviction under 18 U.S.C. § 2113(f) (1994). See United States v. Gallop, 838 F.2d 105, 111 (4th Cir. 1988) (noting that proof of federal insurance is both an element of the crime and a prerequisite to federal jurisdiction). At trial, the government introduced into evidence a certificate from 1991 showing that the bank was a federally insured institution. The certificate had no expiration date, and a bank employee testified that the certificate "states that we are insured by the Federal Deposit Insurance Corporation." (JA 30). Swann did not cross-examine the teller about the certificate.

This Court reviews challenges to the sufficiency of evidence to determine whether, taking all the evidence in the light most favorable to the prosecution, a reasonable jury could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 319 (1979). Viewing the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence for a reasonable jury to find that the bank was a federally insured institution at the time of the robbery. The quantum of evidence in this case exceeds that in United States v. Platenburg, 657 F.2d 797 (5th Cir. 1981), upon which Swann relies.

Swann next claims that the district court erred in not requiring the government to turn over a police file from an unrelated crime alleg-

2

edly committed by a government witness, Tammy McGinnis. Prior to Swann's trial McGinnis confessed that she and Swann committed the robbery for which Swann was ultimately convicted. On direct examination McGinnis admitted that she had attempted to rob a Food Lion store in Selbyville, Delaware. She further admitted that she had lied in her videotaped confession when she denied committing that attempted robbery. Before cross-examining McGinnis, Swann informed the court that he had been unable to obtain a copy of the police file from the Food Lion attempted robbery and requested that the court order the government to turn over its copy of the file. After reviewing the file in camera, the court determined that nothing in the file was "remotely probative or relevant or would have been useful in cross-examination," and refused to order the government to turn over the file. (JA 172-73).

On appeal, Swann contends that the district court erred in not requiring the government to turn over the police file under Federal Rule of Evidence 608(b), which permits inquiry on cross-examination into prior instances of conduct relating to truthfulness or untruthfulness in order to attack a witness' credibility. See Fed. R. Evid. 608(b). He argues that his inability to obtain the report precluded him from adequately cross-examining McGinnis about the Food Lion robbery, and that such cross-examination could have bolstered his attack on McGinnis' credibility.

This court reviews a district court's regulation of discovery matters and evidentiary rulings for an abuse of discretion. See United States v. Muse, 83 F.3d 674, 675 (4th Cir. 1996) (discovery); United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (evidentiary rulings). Swann does not allege a discovery violation or that the government had any obligation to turn over the report under Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States , 405 U.S. 150 (1972). Even if the government had some obligation to allow Swann to inspect the police report, the strictures of Rule 608 coupled with the district court's finding that the report contained no relevant information that Swann could have used to impeach McGinnis render his claim completely without merit. The district court acted in full accordance with Rule 608(b) in allowing Swann to attack McGinnis' veracity by cross-examining her about the Food Lion robbery and the dishonest statements she made in her videotaped confession. Rule

3

608(b) requires no more. Swann offers no legal authority suggesting that the district court committed error in not requiring the government to allow him to inspect the police report, and his attempt to cloak a baseless discovery claim as an evidentiary claim is unpersuasive.

Swann's final claim is that the district court erred in refusing to instruct the jury that the use of or possession of money after a robbery is insufficient to prove aiding and abetting. Swann asserts that he was entitled to such an instruction because McGinnis' testimony was the only evidence that placed him at the bank during the robbery, and thus the jury could have mistakenly found him guilty of aiding and abetting based solely on the evidence that police found stolen money in his possession after the robbery.

The district court's decision not to give an instruction is reviewed for an abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). A court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the instruction seriously impaired the defendant's ability to conduct his defense. United States v. Lewis, 53 F.3d 29, 32-33 (4th Cir. 1995). Having reviewed the record, we find that the district court's instructions to the jury explained that it should not find Swann guilty of aiding and abetting based solely on his possession of stolen money after the robbery. Because the instruction given adequately covered Swann's requested instruction and enabled him to argue his defense theory to the jury, the district court acted within its discretion in refusing to give the requested instruction.

Accordingly, we affirm Swann's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4